UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Luis Catala

    v.                                        Civil No. 05-cv-106-JD

Commissioner, New Hampshire
Department of Corrections,
and Bruce Cattell, Warden,
New Hampshire State Prison

O R D E R

Luis Catala, who is incarcerated and proceeding pro se, brought suit alleging that he is being required to participate in a religious-based twelve-step program for substance abuse, the Substance Abuse System or "SAS," as a condition of amending his classification status. He also alleges that an inmate's refusal to participate in the program is a consideration in whether to grant parole. The defendants, the Commissioner of the New Hampshire Department of Corrections, and New Hampshire State Prison Warden, Bruce Cattell, move for judgment on the pleadings. Catala did not file a response to the motion.

Standard of Review

A motion for judgment on the pleadings is decided under the same standard as a motion to dismiss. Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir. 2005). When considering a motion for

judgment on the pleadings, the "court must accept all of the nonmoving party's well-pleaded factual averments as true and draw all reasonable inferences in her favor." Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998).  Judgment on the pleadings is not appropriate "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.'" Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991) (quoting Rivera-Gomez v. De Castro, 843 F.2d 631, 635 (1st Cir. 1988)).

## Discussion

Several courts have held that forcing inmates to participate in religion-based substance abuse programs, such as the twelve-step program used by Alcoholics Anonymous and Narcotics Anonymous, violates the Establishment Clause of the First Amendment.  See, e.g., Warner v. Orange County Dep't of Prob., 115 F.3d 1068, 1074 (2d Cir. 1997); Kerr v. Farrey, 95 F.3d 472, 474 (7th Cir. 1996); Bobko v. Lavan, 2005 WL 1309072, at *3 (M.D. Pa. May 31, 2005); Turner v. Hickman, 342 F. Supp. 2d 887, 895 (E.D. Cal. 2004).  Forced attendance or coercion is shown if a prison official, a parole board, or anther state actor requires an inmate to attend a program that emphasizes religion or faith as a condition of his probation or sentencing.  Warner, 115 F.3d

at 1075.  In contrast, merely suggesting or recommending a religious program, without force or coercion or when secular options are equally available, is not a First Amendment violation.  See Freedom From Religion Found. v. McCallum, 324 F.3d 880, 882 (7th Cir. 2003); Kerr, 95 F.3d at 480.

For purposes of their motion for judgment on the pleadings, the defendants do not contest that the SAS involves religion or that Catala's participation in that program is a condition of amending his classification or a consideration for his parole. The defendants also do not suggest that the prison offers an alternative, secular program.  Instead, the defendants argue that the Commissioner's counsel's response to Catala's grievance about the program establishes that he is not required to attend religious programming.

Catala alleges that he received a classification authorization decision on December 20, 2004, that listed the SAS program in the section titled "Program Assignment and Recommendations."  He further alleges that the SAS "is based upon a 12-step system that is reinforced by books, lectures and writing assignments."  Comp. ¶ 4.  He states that the New Hampshire State Prison Parole Board is using an inmate's failure to participate in the SAS program as a reason to deny parole.  He also states that he appealed the SAS recommendation and appends

the responses he received from the defendants.

Catala's first request was sent to Warden Cattell.  Catala wrote that he was not sentenced to a drug or alcohol program, that he does not believe in the 12-step program used in the SAS program, asks that the SAS recommendation be removed from his classification status, and states that state sponsored programs such as SAS are unconstitutional.  Warden Cattell responded:

> You do not seem to understand your situation.  This is not a school for boys where you get to decide what classes you want to take.  You do not have to be sentenced by a court to need to participate in a counseling program.  We have professional staff whose job it is to make professional programming recommendations.  It does not matter whether you like or agree with the recommendation.  We are concerned with your future criminal behavior and we know that drug and alcohol abuse is a precipitator of criminal behavior.  No one is going to drag you to the program but if you chose not to attend we will ensure that it is a consideration in any custody reduction or release decision concerning you.

Catala then appealed to the Commissioner, stating "Warden Cattell does not seem to understand that forcing me to attend and participate in a religious based program against my will constitutes coercion and a violation of my first amendment rights."  He reiterated his legal challenge to the SAS program and asked that the SAS program be removed from his classification status.  John Vinson, who is represented to be the Commissioner's counsel, responded to Catala's request to the Commissioner.

Vinson wrote:  "See Warden's articulate response.  If there are components of SAS that are religious in nature, you can ask the providers to be excused from that part.  You will not be forced to in [sic] religious programs."

The Warden's response to Catala on its face is problematic and demonstrates his failure to understand the well-established First Amendment prohibition against forced attendance at religious-based programs.  The defendants do not argue otherwise.  Instead, they contend that because Vinson told Catala that he could ask to be excused from any religious part of the SAS program, he was not being forced to participate in a religious-based program.

Given Vinson's acceptance of the Warden's remarks, his response to Catala raises more questions that it answers.  See, e.g., Warner, 115 F.3d at 1076 (holding that although inmate was not required to participate in religious part of Alcoholics Anonymous meeting, his coerced attendance nevertheless violated Establishment Clause).  For example, it is far from clear whether Catala would be excused from religious parts of the SAS program, despite asking.  It is also unclear whether attending parts but not all of the program would meet the classification requirement or would provide any meaningful counseling services.

Whether or not the defendants' imposition of the SAS program

violates Catala's First Amendment rights cannot be resolved in the defendants' favor in the context of a motion for judgment on the pleadings.  Given the factual complexities, the claim would be better addressed in a properly supported motion for summary judgment, if that is appropriate in this case.

## Conclusion

For the foregoing reasons, the defendants' motion for judgment on the pleadings (document no. 12) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

November 22, 2005

cc:  Luis Catala, pro se
     Mary E. Maloney, Esquire